IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )        Case Nos. 02-CR-30132-DWD
                                    )                  03-CR-30003-DWD
                                    )
MICHAEL W. LOUIS,                   )
                                    )
            Defendant.              )

<u>ORDER</u>

**DUGAN, District Judge:**

These matters come before the Court on the Government's Motions to Substitute Restitution Payee (Case No. 02-CR-30132, Doc. 50; Case No. 03-CR-30003, Doc. 42).  On July 2, 2003, in both criminal cases, District Court Judge William D. Stiehl entered Amended Judgments directing that Defendant pay Payee Tracy Louis $13,778.73 in restitution (Case No. 02-CR-30134, Doc. 24; Case No. 03-CR-30003, Doc. 17) based on the loss she suffered as a result of Defendant's criminal activity.  The judgments further instructed that "[p]ayment in full in the amount of $13,788.73 will satisfy restitution for both cases." (*Id.*).

The Government now seeks to substitute restitution payees due to Tracy Louis' death.  The Government avers that Tracy Louis died on June 20, 2022, and that her estate identified three heirs at law: her spouse, William Gray, and her two children, Claire A. Gray a/k/a Claire A. Louis and Anne E. Grant. (Case No. 02-CR-30132, Doc. 50-2; Case No. 03-CR-30003, Doc. 42-2).  The Government asks that these heirs (William Gray, Claire

1

Gray, and Anne Grant) be substituted as payees for past and future restitution payments (Case No. 02-CR-30132, Doc. 50; Case No. 03-CR-30003, Doc. 42).

The Government does not identify a statutory source of authority for this substitution. However, 18 U.S.C. § 3663 provides that "in any case, if the victim (or if the victim is deceased, the victim's estate) consents, [the defendant must] make restitution in services in lieu of money, or make restitution to a person or organization designated by the victim or the estate." 18 U.S.C. § 3663(b)(5). Neither that statutory provision, nor 18 U.S.C. § 3664 concerning the "procedure for issuance and enforcement of order of restitution" contain provisions specifically controlling such a substitution. The Federal Code of Criminal Procedure also does not address the issue of substituting a restitution payee.  Despite the absence of specific statutory or legal authority, courts in this District have found it appropriate to allow substitutions under similar circumstances.  *See, e.g., United States v. Koch*, Case No. 09-CR-30177-MJR (S.D. Ill. Apr. 12, 2018) (granting request for substitution of restitution payee after finding that the relevant estate proceedings had concluded thereby avoiding any "continuing dispute as to whether the decedent's [heirs] were entitled to these restitution funds.").

Despite the absence of specific statutory or legal authority, the Court finds it appropriate to allow the substitution here.  However, in reviewing the Government's current motions, the Court observes a potential issue as to whether the decedent victim's identified heirs (William Gray, Claire Gray, and Anne Grant) have been sufficiently designated as the recipient of these restitution payments by the decedent victim or her estate.  Section 3663 specifically provides that "in any case, if the victim (or if the victim

is deceased, the victim's estate) consents, [the defendant must] make restitution in services in lieu of money, or make restitution ***to a person or organization designated by the victim or the estate***." 18 U.S.C. § 3663(b)(5) (emphasis added).  In reviewing the probate documents attached to the Government's Motions, it appears decedent's probate proceedings have not concluded, but were only recently opened in June 2022.  Moreover, in the Order Finding Heirship, the decedent is identified as having died "testate" (Case No. 02-CR-30132, Doc. 50-2; Case No. 03-CR-30003, Doc. 42-2).

In Illinois, different rules exist for the distribution of estates for decedents who died intestate compared to those testators who die testate.[1]  Considering that the probate court found the decedent victim to have died testate, it is not clear from the current record whether her identified heirs at law would have an entitlement to the restitution payments under her will.  Nor is there any indication that specific findings have been made in the probate proceedings as to the entitlement of decedent's heirs to these restitution payments under Illinois' rules for intestate succession, and if so, whether the payments should be made in equal or proportional shares.  Accordingly, the current records before the Court do not sufficiently indicate whether the decedent victim or her estate have designated her identified heirs as the recipient of these restitution payments.  Thus, at

---

[1]For example, the provisions of 755 Ill. Comp. Stat. Ann. 5/2-1 (rules of descent and distribution) apply when descendants die intestate.  These rules generally provide that when a decedent dies intestate, leaving a surviving spouse and descendants, then the decedent's estate is to be distributed one-half to the surviving spouse, and one-half to the decedent's descendants per stripes.  *See* 755 Ill. Comp. Stat. Ann. 5/2-1(a). Whereas, for individuals who die testate, their estate is distributed in accordance with the testator's bequeaths as detailed in their will.  *See* 755 Ill. Comp. Stat. Ann. 5/4-13 (once a will is admitted to probate, the order admitting the will operates to transfer the testator's estate as "the testator bequeathed" it in the will).  The rules for intestate succession will thus only apply to the portions of a testator's estate "that is not bequeathed by [her] will."  *See* 755 Ill. Comp. Stat. Ann. 5/4-14.

this time, the Court finds it appropriate to direct payments to be made to the victim's Estate, and any further determinations about her heirs' entitlement to these payments may be made through the open probate proceedings.

For these reasons, the Court **GRANTS** the Government's Motions (Doc. 50; Doc. 42) **in part**. The Clerk of Court is **DIRECTED** to send future restitution payments to the **Estate of Tracy Louis**.

**SO ORDERED.**

Dated: October 18, 2022

_____
DAVID W. DUGAN
United States District Judge